UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MAJESTIC OFFSHORE, LLC, ET AL.

VERSUS

IN-DEPTH OFFSHORE TCHNOLOGIES
INTERNATIONAL, INC.

CIVIL ACTION

NO. 10-384-JJB-DLD

**RULING ON MOTIONS**

This matter is before the Court on several motions by various Defendants. Defendant BP America, Inc. ("BP"), filed a motion for a more definite statement and to dismiss for failure to state a claim. (Doc. 6.) Plaintiffs, Majestic Offshore, LLC and Advance Marine Services Corp. (collectively, "Plaintiffs"), filed an opposition (doc. 11), and BP filed a reply (doc. 21). Defendant SAIPEM America, Inc. ("SAIPEM") filed a motion for a more definite statement. (Doc. 8.) Plaintiffs filed an opposition. (Doc. 14). Defendants In-Depth Offshore Technologies International, Inc. ("In-Depth") and Hesham el Abrikgy ("el Abrikgy") filed a motion to dismiss (doc. 9), to which Plaintiffs filed an opposition (doc. 12) and In-Depth and el Abrikgy filed a reply (doc. 20). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. There is no need for oral argument.

Background

This action arises out of alleged damage to Plaintiffs' remote operating vehicle ("ROV") on May 15, 2009, after Plaintiffs leased the vehicle to In-Depth and el Abrikgy for use in the Gulf of Mexico. Helix Energy Solutions Group, Inc. allegedly operated the oil platform on behalf of BP America, Inc. Saipem allegedly operated the crane when the ROV was damaged. Plaintiffs allege that In-Depth and el Abrikgy lied about the existence of a valid insurance policy at the time they rented the ROV and conspired with

1

other Defendants to use the ROV in a prohibited manner, causing tens of thousands of dollars of damage. Plaintiffs filed multiple claims against multiple defendants, including breach of contract, tortious interference with a contract, negligence, violation of maritime law, and violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401, *et seq.*

## Analysis

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. A court should grant a motion to dismiss only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

In reviewing the complaint, courts accept all well-pleaded facts as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff is entitled to relief based upon the context of the case and the court's "judicial experience and common sense." *Id.* at 1949-50.

*BP's Motion for a More Definite Statement and Motion to Dismiss*

BP first argues that Plaintiffs' breach of contract and tortious interference with contractual rights claims should be dismissed because Plaintiffs have not sufficiently

2

pled the essential elements of each claim. Tortious interference with a contract requires (1) the existence of a contract or legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or the officer's intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; and (5) causation of damages to the plaintiff by the breach of contract or difficulty of performance brought about by the officer. 8 La. Civ. L. Treatise, Business Organizations, § 33.12 (2009) (citing *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228, 234 (La. 1989)).

Both claims require a plaintiff to show a contract exists, and Plaintiffs concede in their opposition that no contract exists between Plaintiffs and BP.[1] Plaintiffs argue the claims should stand because they may find a contract during discovery, but they ignore the fact that alleging breach of contract because there might be a contract is the exact kind of claim Rule 12(b)(6) intends to prohibit. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") Plaintiffs have failed to allege any specific facts to plausibly support the breach of contract and tortious interference with contractual rights claims and those claims will be dismissed.

Plaintiffs additionally assert an unfair and deceptive trade practices claim against BP and that BP committed unspecified "statutory violations and [acts of] negligence."[2] BP moves for more definite statement and argues Plaintiffs have not pled sufficient facts for BP identify what, if any, legal duty it owed Plaintiffs or what affirmative defenses may

---

[1] Mem. Opp. Mot. for More Definite Statement and Mot. to Dismiss, 5 ("[I]t is conceded no actual contract existed between Plaintiffs and BP.") (doc. 11).
[2] Pet. for Damages 5 (doc. 1-2)

be available. Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."

To support their unfair and deceptive trade practices claim, Plaintiffs allege BP and other defendants engaged in a conspiracy, yet nothing in the pleadings provides any details of an alleged conspiracy or sheds any light on how BP acted in concert with other defendants as part of the alleged conspiracy. As it stands, the only facts alleged involving BP are that it "act[ed] in concert with other defendants" to violate unspecified regulations and LUTPA, and that SAIPEM, the corporation that Plaintiffs allege operated the crane when the ROV was damaged, acted as an "agent, servant, [and] employee" on BP's behalf.[3] These allegations alone do not establish any of the remaining claims against BP and leave BP unable to reasonably prepare a response.

*SAIPEM's Motion for a More Definite Statement*

SAIPEM also moves for more definite statement as to Plaintiffs' claims against it, and Plaintiffs' complaint is again insufficiently vague and ambiguous. For example, Plaintiffs allege Defendants entered into a "buddy deal" in violation of state, federal, and maritime regulations to use the crane to lift the ROV, but do not identify any specific regulations that Defendants violated.[4] Additionally, Plaintiffs allege breach of contract against SAIPEM but do not plead any facts showing Plaintiffs ever entered into a contract with SAIPEM. For SAIPEM to be reasonably able to prepare a response, Plaintiffs must file a more definitive statement identifying facts establishing SAIPEM's relationship to Plaintiffs and other named defendants, specifically identifying any alleged

---

[3] Id. at 4-5 (doc. 1-2).
[4] Id. at 4 (doc. 1-2).

regulatory or statutory violations, identifying any contract between Plaintiffs and SAIPEM, and showing specific facts that to support Plaintiffs' claims of fraud in the inducement, LUTPA, and tortious interference with contractual rights.

*In-Depth and el Abrikgy's Motion to Dismiss*

In-Depth and el Abrikgy argue that Plaintiffs' tortious interference with contractual rights, negligence, LUTPA, and fraud claims are prescribed because Plaintiffs' petition is stamped May 20, 2010. The damage to the ROV occurred on May 15, 2009, they argue, therefore Plaintiffs filed the petition after the one-year prescription period had run. Plaintiffs contend that they faxed the petition to the state court on May 13, 2009 in accordance with La. R.S. § 13:850, which allows attorneys to fax documents to the court as long as the attorneys forward the original and any required filing fees to the court within five days. In support of this argument, Plaintiffs attach a state court fax receipt showing the state court received the faxed petition on May 13, 2009. The parties then dispute whether the fax receipt can be considered on a Rule 12(b)(6) motion to dismiss and whether the receipt proves that Plaintiffs followed process laid out by the statute.

To properly address any claim of prescription, the Court would need to consider not only the fax receipt, but also any evidence showing Plaintiffs forwarded the required within five days and complied with any local filing rules the state district court may have. Such a matter is inappropriate for Rule 12(b)(6). Defendants may re-urge the matter on a motion for summary judgment.

In-Depth and el Abrikgy further argue the tortious interference with contractual rights claim should be dismissed because Plaintiffs do not allege either defendant is a

5

corporate officer and do not specify the parties to the alleged contract. Plaintiffs state that "an agreement was confected" but do not specifically identify which parties signed the contract. Therefore, the Court cannot analyze whether any tortious interference claim is in fact plausible. Plaintiffs have 30 days to amend the complaint to identify the party or parties to the contract in question.

## Conclusion

Accordingly, BP's motion (doc. 6) to dismiss the breach of contract and tortious interference with contractual rights claims is GRANTED; BP's motion (doc. 6) for a more definite statement on the remaining claims is GRANTED. SAIPEM's motion for a more definite statement (doc. 8) is GRANTED. In-Depth and El Abrikgy's motion to dismiss (doc. 9) based on prescription is DENIED but may be reargued on a motion for summary judgment. Plaintiffs are ORDERED to amend their complaint within 30 days to properly allege their claims as provided herein.

Signed in Baton Rouge, Louisiana this 29th day of September, 2010.

_____
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA