UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAJESTIC OFFSHORE, LLC, ET AL.

VERSUS

IN-DEPTH OFFSHORE
TECHNOLOGIES INTERNATIONAL,
INC., ET AL.

CIVIL ACTION

NO. 10-384-JJB

## RULING ON MOTIONS

This matter is before the court on plaintiffs' motion (doc. 33) for leave to file a supplemental and amending complaint. The motion is opposed. Additionally pending are several motions to dismiss (docs. 24, 26, 28 and 29).

On September 30, 2010, the court granted defendants' motions for more definite statement, ordering plaintiffs to amend their complaint within 30 days to properly allege their claims. When plaintiffs did not promptly file an amended complaint, defendants responded with motions to dismiss (docs. 24 and 26). On December 14, 2010, the court held a status conference; the Presidents of Majestic Offshore and Advance Marine personally attended the conference requesting leave to enroll new counsel. Plaintiffs' original counsel was informed that he would be allowed to withdraw upon enrollment of new counsel; plaintiffs were ordered to enroll new counsel by January 14, 2011. The court stayed all discovery, deferring ruling on the pending motions to dismiss until plaintiffs' new counsel would have an opportunity to review the case. Doc. 27. When that deadline passed without new counsel being enrolled, defendants filed additional motions to dismiss (docs. 28 and 29).

Shortly thereafter on January 21, 2011, new counsel for plaintiff contacted the court and was ordered to promptly enroll and respond to all pending motions by March 1, 2011. Doc. 30. New counsel did promptly enroll (docs. 31 and 32) and did timely file a motion to amend (doc. 33). Newly enrolled counsel did timely file oppositions to the motions to dismiss based upon the proposed amended complaint.

Defendants oppose the motion for leave to amend, stating that plaintiffs failed to attach the proposed pleading. Defendants are mistaken. See doc. 33-3. Defendants further cite plaintiffs' failure to respond to the pending motions to dismiss. However, plaintiffs did file oppositions to the motions to dismiss on the March 1st deadline. Docs. 36, 37 and 38. In short, plaintiffs' first counsel repeatedly failed to respond to notices and orders of the court. However, plaintiffs' current counsel has complied with the court's orders. The court finds that plaintiffs should not be penalized for the inactions of their former attorney, especially now that new counsel has enrolled and matters are now proceeding smoothly.

Accordingly, the motion (doc. 33) to amend is hereby GRANTED. In view of the amended complaint, the motions (docs. 24, 26, 28 and 29) to dismiss are hereby DENIED.

Baton Rouge, Louisiana, March 15, 2011.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA