UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MAJESTIC OFFSHORE, LLC, ET AL

VERSUS

IN-DEPTH OFFSHORE TECHNOLOGIES
INTERNATIONAL, INC.

CIVIL ACTION

NO. 10-384-JJB-DLD

## RULING ON MOTION FOR MORE DEFINITE STATEMENT

This matter is before the Court on a Motion for More Definite Statement (doc. 68) filed by ENI Petroleum Company ("ENI"), a co-defendant in this suit. Plaintiff Majestic Offshore ("Majestic") filed an opposition (doc. 75), to which ENI did not reply. There is no need for oral argument. For the following reasons, the motion is denied.

Plaintiffs own and operate unmanned, remotely operated, submarines ("ROV"). It was hired in May 2009 by Defendant In-Depth Offshore Technologies ("In-Depth") to work aboard an offshore platform co-owned and operated by Defendants Saipem American ("Saipem") and ENI. During the use of the ROV, it was damaged. Majestic brought suit in May, 2010, against In-Depth and various other parties, some of whom have been dismissed (docs. 39 and 44) and others who have not. After discovering during discovery that ENI was a co-owner of the platform, Plaintiffs amended their complaint to add ENI on November 7, 2011. (Doc. 75-1). Specifically, Plaintiffs amended the complaint with the following addition: "in all places where Saipem America Inc. is mentioned . . . the complaint

should be amended to read Saipem America Inc. and/or ENI Petroleum Inc." (Doc. 59 at 2). ENI brings this motion seeking a more definite statement of the allegations against it.

Under Rule 12(e), a party may move for a more definite statement if a pleading to which a response is allowed is so vague or ambiguous that the responding party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e).

ENI complains that the only allegation against it is a statement in the supplemental and amended complaint adding ENI's name wherever Saipem's name shows up. (Doc. 68-1 at 4). As Majestic notes in its opposition, ENI and Saipem are co-owners and operators of the platform and the crane, and thus the employer of the allegedly negligent crane operator. (Doc. 75-1 at 3). As to ENI's complaint that it cannot determine where the alleged incident occurred, the Court notes that the original complaint states the platform where the work was to be done was located approximately 40 miles south of Houma, Louisiana. (Doc. 1-1 at 3). If ENI and Saipem co-own and operate so many platforms in that area that ENI cannot discern at which the accident occurred—a problem Saipem does not seem to have—then a more definite statement might be in order. Otherwise, the Court finds the complaint is not so vague or ambiguous as to prevent ENI from reasonably preparing a response.

For these reasons, the Defendant ENI's motion (doc. 68) is denied.

Signed in Baton Rouge, Louisiana, on March 23, 2012.

2

Case 3:10-cv-00384-JJB-DLD   Document 79   03/23/12   Page 2 of 3

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

3